**VIA ECF**                                                    **February 10, 2016**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> **Re:**   ***Dickerson et al. v. Novartis Corporation et al., Civil No. 1:15-cv-01980-GHW***

Dear Judge Woods:

Alcon's planned motion for severance should be denied. Severance is only granted in exceptional circumstances that are not present here. *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* No. 99 Civ. 0682, 2001 U.S. Dist. LEXIS 12691, *5 (S.D.N.Y. Aug. 23, 2001). Ms. Dickerson's claims are intertwined with, and incorporate, the class allegations of pay discrimination caused by Defendants' common policies and practices. The proposed classes themselves have "piggybacked" off the charge of discrimination that Ms. Dickerson filed.

Alcon's planned motion to transfer should likewise be denied. This is a proper forum under Title VII's special venue statute. A Title VII litigant's choice of venue is afforded great deference. The factors considered in connection with 28 U.S.C. § 1404(a) also weigh heavily in keeping this matter before this Court. Nearly 50% of the potential witnesses identified in Defendants' initial disclosures are located in the New York City metropolitan area; the third-party discovery that Alcon has suggested to the Court is crucial to its defense involves a company headquartered in this District; and the facts giving rise to Ms. Dickerson's defamation claims occurred in this District. Judicial economy is best served by keeping this case with the Court that is familiar with the claims, the parties, and counsel. Moreover, by Order of this Court (Dkt. No. 52), discovery pertaining to Ms. Dickerson's claims is already underway, and the Court's oversight of that discovery should not be disrupted.

Alcon cannot meet its heavy burden to justify severing or transferring Ms. Dickerson's claims. The Court, therefore, should use its broad discretion and deny Alcon's motion.

> **A.**   ***Ms. Dickerson's Claims Should Not Be Severed from Other Plaintiffs' Claims***

The five factors considered in deciding motions for severance tilt decisively against severing Ms. Dickerson's claims. In assessing those factors, the class claims cannot yet be treated as fully resolved because the Court has not yet ruled on the motion for preliminary approval, and it likely will be months before any decision on final approval is rendered.

(1)   **Same Transaction or Occurrence.** Ms. Dickerson's and the other plaintiffs' pay claims arise out of the same transactions and occurrences, including discriminatory policies and practices affecting compensation. *See Oram v. SoulCycle LLC,* 979 F. Supp. 2d 498, 504 (S.D.N.Y. 2013) (this "factor routinely has been found to exist where employee plaintiffs with varying factual circumstances allege the common denominator of a policy or practice" and collecting cases). *See, e.g.,* Am. Compl., ¶ 121-123.

(2)   **Common Question of Law or Fact.** With their common allegations of discriminatory policies and practices affecting compensation, Ms. Dickerson and the other plaintiffs likewise present claims with common questions of law or fact. *See, e.g.,* Am. Compl., ¶ 139-141. Indeed, Ms. Dickerson's individual claims incorporate by reference all the allegations

brought by the other plaintiffs (including the classes' allegations). *See* Am. Compl., Counts III-X.

(3)     **Facilitation of Settlement or Judicial Economy.** This Court is very familiar with the case, claims, parties, and counsel. This Court has already accommodated the parties' efforts at settlement and will likely continue to support those efforts. Given the common allegations and the common proof that Ms. Dickerson and the other plaintiffs need in order to establish their claims, it would waste judicial resources to require them to bring their claims separately.

(4)     **Avoidance of Prejudice.** The other plaintiffs have brought their Title VII claims, both on behalf of themselves and the proposed classes, pursuant to the class charge that Ms. Dickerson filed with the EEOC. *See* Am. Compl. ¶ 7. As a result, severance of Ms. Dickerson's claims could cause severe prejudice to the other plaintiffs and the proposed classes.

(5)     **Shared Witnesses and Evidence.** The witnesses and documentary proof concerning Ms. Dickerson's and the other plaintiffs' claims are overlapping. In the event that the other plaintiffs' claims must be litigated, the same evidence concerning Defendants' common policies and practices affecting compensation will be presented in support of all of the plaintiffs' claims, including those of Ms. Dickerson.

## B.     *Venue in this District Is Proper, and Transfer Should Be Denied*

This case was properly brought in the Southern District of New York and should remain here pursuant to both Title VII and the factors governing transfer under 28 U.S.C. § 1404(a).

Title VII permits a plaintiff to bring her case in, *inter alia*, any judicial district in a "[s]tate in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Ms. Dickerson has satisfied this provision because unlawful employment practices are alleged to have been committed in this District. Those unlawful employment practices include Novartis's setting of employment policies, practices, and procedures and controlling various human resources functions for its wholly-owned corporate subsidiary, Alcon.

Relatedly, in any motion to transfer pursuant to 28 U.S.C. § 1404(a), the moving party bears the burden of making a **"clear and convincing showing** that the balance of convenience favors [its] choice" of forum. *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998) (internal citations omitted) (emphasis added); see also *Oubre v. Clinical Supplies Mgmt.*, No. 05 Civ. 2062 (LLS), 2005 U.S. Dist. LEXIS 28877, at *14-15 (S.D.N.Y. 2005). Here, Alcon has failed to make the demanding showing required to warrant transfer of Ms. Dickerson's claims. To the contrary, the balance of factors considered under 28 U.S.C. § 1404(a) weigh heavily against transfer:   .

(1)     **Convenience of the Witnesses.** Alcon's representations that "all the witnesses" are located in Fort Worth, Texas (Ex. A at 6:20-21) and that "all witnesses of central importance to this case are located in Texas" (Dkt. No. 58 at 3) are inaccurate. *Nearly 50% of the potential witnesses identified in Defendants' initial disclosures are located in the New York City metropolitan area, and Ms. Dickerson's former supervisor lives less than two hours away. Moreover, the third-party discovery that Alcon suggested at the initial pretrial conference is crucial to its defense (see Ex. A at 10:23-11:09) involves a company headquartered in this District.*

2

(2)     **Convenience of the Parties.**  All of the parties have selected attorneys who are located in or have offices in Manhattan.  It will be highly inconvenient and expensive for counsel for three parties to travel back and forth to Texas for hearings, motion practice, and trial.

(3)     **Location of Relevant Documents and Ease of Access to Sources of Proof.** Documents from the third-party company – whose importance to this case Alcon has stressed – arc located in this District.  Other relevant documents in the possession of Defendants are likely stored electronically and therefore are inexpensively accessed in this District.

(4)     **Locus of Operative Facts.**  The policies and practices used to discriminate against Ms. Dickerson were allegedly established in this District.  Novartis Corporation's defamation of Ms. Dickerson occurred in this District.  Alcon claims that it terminated Plaintiff for reasons relating to the third-party company headquartered in this District (*see* Ex. A at 10:23-11:09), and Defendants' investigation into Ms. Dickerson was carried out by the Novartis Business Practices Office, which operates out of the New York City metropolitan area.

(5)     **Availability of Process to Compel the Attendance of Unwilling Witnesses.** Keeping this case here ensures that the parties have the ability to subpoena witnesses and documents in connection with the third-party company located in this District and does not impair the parties' ability to obtain evidence from potential witnesses located elsewhere. Defendants' employee witnesses are under its control and can be procured for trial.

(6)     **Relative Means of the Parties.**  Ms. Dickerson has not earned income from employment since Defendants terminated her more than a year ago.  By contrast, Defendants are large and wealthy pharmaceutical corporations – Alcon had $9.8 billion in net sales last year. The costs and delays of transfer will disadvantage Ms. Dickerson far more than Defendants.

(7)     **Forum's Familiarity with Governing Law.**  This District is experienced in adjudicating the federal claims brought by Ms. Dickerson and is far more familiar with Ms. Dickerson's New York State defamation claims than the Northern District of Texas.

(8)     **Weight Accorded to Plaintiff's Choice of Forum.** While a plaintiff's choice of forum is generally entitled to deference, that is especially the case where there is a "material connection . . . between the forum state and the underlying events allegedly underlying the claim." *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d at 210.  Additionally, special deference is given to Plaintiff's choice of forum under Title VII.  Given the nexus of this District to the claims in this case, dispositive weight should be accorded to Ms. Dickerson's choice of forum.

(9)     **Trial Efficiency and Interests of Justice.** This Court is familiar with this case, which has been pending here for nearly a year.  This Court has issued a discovery schedule for this case, which Defendants agreed to, and formal discovery has commenced in this District.  If this case remains here, fact discovery will be completed in less than six months. Because this case has already been pending for nearly a year, the delays of transfer should be avoided.

Accordingly, the Court should exercise its discretion to deny Alcon's planned motion.

Respectfully submitted,

David Sanford